UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| APRIL MARIE CUNIC-GOODMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> ————————————————) | Case No. 1:17-cv-382 <br><br> Honorable Phillip J. Green |

## MEMORANDUM OPINION AND ORDER

This was a social security action brought under 42 U.S.C. §§ 405(g), § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On October 19, 2017, the Court entered a judgment vacating the Commissioner's decision and remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 18).

The matter is now before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 20). Defendant opposes the motion. (ECF No. 21). Plaintiff replied. (ECF No. 22). For the reasons set forth herein, plaintiff's motion will be granted in part and denied in part, and a judgment will be entered in plaintiff's favor in the amount of $5,771.50.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725.

Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. S*ee* 28 U.S.C. § 2412(d)(2)(B).

1. **Substantial Justification**

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 21, PageID.751-55). Defendant has the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  The government's position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Defendant has not carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because she obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner*, No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' ") (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)).

Plaintiff asked the Court to overturn the Commissioner's decision on the following grounds:

> 1.  The ALJ erred by failing to find that fibromyalgia was a medically determinable impairment.
>
> 2.  The ALJ's RFC determination is the product of legal error and is not supported by substantial evidence.

(ECF No. 11, PageID.657). The Court found that the first issue was "a close call," but the Court did not need to base its decision on that issue. (ECF No. 19, PageID.709).

This case turned on the second issue. Physician's Assistant Erin Grabowski completed a medical source statement. (ECF No. 8-7, PageID.444-45). She opined that plaintiff needed to take unscheduled breaks of fifteen minutes hourly. She would likely be absent from work once or twice a month. Her symptoms would often be severe enough to interfere with the attention and concentration necessary to perform simple work-related tasks. She was unable to perform the physical requirements of working an eight-hour day, five days per week on a sustained basis. Plaintiff could not lift more than ten pounds. She could walk four city blocks without rest or significant pain. She could sit, stand, and walk for sixty minutes at a time. She could sit for six hours in an eight-hour workday and could stand and walk for two hours in an eight-hour workday. She needed a job permitting shifting from sitting, standing, or walking at will. (*Id.*).

The ALJ's opinion repeatedly emphasized the weight that she was giving Ms. Grabowski's opinion:

> Most of the limitations described in Ms. Grabowski's opinion are generally consistent with the record as a whole. I do not, however, find sufficient evidence in the record to support Ms. Grabowski's statement that the claimant's unable to sustain a 40-hour work week. Thus, I give significant but not controlling weight to Ms. Grabowski's opinion.
>
> * * *
>
> Of the treating providers' opinions, Ms. Grabowski's opinion is more consistent with the record as a whole than Dr. Whitaker's opinion. I give much more weight to Ms. Grabowski's opinion and relied on it heavily in formulating the residual function capacity. As noted above, however, I did not give Ms. Grabowski's opinion controlling weight

> because I do not adopt Ms. Grabowski's finding that the claimant cannot sustain full-time work.

(Op., 7-8, ECF No. 8-2, PageID.56-57). The Court found that the above-quoted statements could not be dismissed as a mere inadvertent "slip of the tongue" error because they appeared on "two separate pages [in] two separate provisions." (ECF No. 19, PageID.711). Further, it was "quite clear" that the only restriction that the ALJ indicated she was rejecting was plaintiff's inability to sustain a 40-hour work week. (*Id.* at PageID.712-713).

The Court vacated the ALJ's decision and remanded the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) because when the ALJ emphasized that she was placing "heavy" reliance on Ms. Grabowski's opinion in making her RFC finding, she was required to explain why she did not adopt the other functional limitations. The Court found that the error was not harmless. It was undisputed that, if the ALJ had adopted the restrictions that Ms. Grabowski indicated regarding sitting, standing, and walking, "the RFC would have been one for [the] sedentary work exertional level and not light work." (ECF No. 19, PageID.713-14). There was nothing in the ALJ's opinion that "offer[ed] any sort of explanation [] how the [ALJ] ended up where she did." (*Id.* at PageID.714). The lack of an explanation precluded meaningful appellate review. (*Id.*).

Defendant concedes that "the ALJ made some confusing – and even contradictory statements explaining the basis for her RFC assessment." (ECF No. 21, PageID.754). Defendant attempts to carry the burden of showing that the

government's position was substantially justified by characterizing the ALJ's error as a mere "articulation error" (*Id.* at PageID.753-55).  The Court is not persuaded.

Defendant repeatedly invokes the Sixth Circuit's *DeLong* decision, but she overlooks the fact that the Court of Appeals never referred to "articulation" anywhere in its opinion.  Further, this case is not like *DeLong*, where the "sole" basis for remand was a violation of the plaintiff's procedural right to "good reasons" for the weight the ALJ gave to the opinions of treating physicians.  748 F.3d at 726-27.  Defendant has not shown that this case presented an issue like determining what constitutes sufficiently good reasons, where the "lines of demarcation" were not clear.  *Id.* at 728. The Sixth Circuit noted that a district court's finding on the issue of substantial justification "carries considerable weight on appeal." *Id.* at 726.  The Court of Appeals left no doubt that the touchstone of the district court's analysis must be whether the defendant discharged her burden on substantial justification "by demonstrating that the position had a 'reasonable basis in both law and fact.' " *Id.* at 726 (citing *Pierce*, 487 U.S. at 565); *see also McCoy v. Commissioner*, No. 3:15-cv-2308, 2017 WL 3524710, at *2 (N.D. Ohio Aug. 16, 2017) ("While distinctions have been drawn between remands for 'mere articulation errors' and remands where the district court determines that the evidence does not support the ALJ's decision, the relevant inquiry remains whether the Commissioner's position had a reasonable basis in law and fact.").

On this record, the defendant's position was not substantially justified because it did not have a reasonable basis in law and fact.  *See DeLong*, 748 F.3d at 726-27.

Defendant's attempt to salvage the ALJ's opinion by claiming harmless error based on a state agency medical consultant's opinion (ECF No. 12, PageID.686; ECF No. 21, PageID.754) does not constitute substantial justification. Focusing on the ALJ's statement that she was giving "great weight" to Dr. Abbasi's opinion (Op., 8, ECF No. 8-2, PageID.57) – one paragraph after she stated that she was relying heavily on Ms. Grabowski's opinion (*Id.*) – only serves to reinforce that the ALJ's opinion made it impossible to determine the foundation of her RFC finding.

Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

### 2. Hours Claimed

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner*, 826 F.3d 878, 881(6th Cir. 2016). The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 43.9 hours of attorney time and 7.5 hours in paralegal time. (ECF No. 20-1, PageID.721).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying

claims for DIB and SSI benefits is in the range of fifteen to thirty hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at *2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe*, 2013 WL 1914546, at *2 (citation and quotation omitted).

The 43.9 hours of attorney time and 7.5 hours of paralegal time claimed in this case is excessive. (ECF No. 20-7, PageID.739-41). The two issues plaintiff raised were neither novel nor complex. The administrative record on appeal was not unusually lengthy. The briefs were typical for this type of case, and the attention to detail was somewhat less than expected, particularly in a case where so many hours are claimed. The Court finds that a thirty percent reduction in all hours claimed is warranted. *See, e.g., Flamboe v. Commissioner*, 1:14-cv-1235, 2016 WL 393567, at *2 (W.D. Mich. Jan. 11, 2016). The Court finds that 30.73 hours in attorney time and 5.25 hours in paralegal time is reasonable for the work performed in this case.

3.  **Hourly Rate**

Plaintiff seeks to recover attorney's fees at a rate of $188.82 per hour. (ECF No. 20-1, PageID.720). The EAJA specifies that "attorney's fees shall not be awarded

-8-

in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Recent decisions of this Court have found that a rate of $175 per hour for attorneys satisfies these statutory considerations. *See Smith ex rel. S.K.W. v. Commissioner*, No. 1:16-cv-1175, 2018 WL 5781226, at *2 (W.D. Mich. Oct. 15, 2018); *Kochaney v. Commissioner*, No. 1:17-cv-851, 2018 WL 4700568, at *2 (W.D. Mich. Oct. 1, 2018); *Lyman v. Commissioner*, No. 1:16-cv-124, 2017 WL 6806692, at *1 (W.D. Mich. Dec. 20, 2017). These cases support a $175.00 hourly rate under the EAJA, but not plaintiff's request for a rate of $188.82 per hour. *See Smith ex rel. S.K.W.*, 2018 WL 5781226, at *2 ("[T]he Court finds unreasonable counsel's requested hourly rate of $195 and instead finds more appropriate the increased hourly rate of $175 the Court has recently approved."); *see also Flamboe*, 2016 WL 393567, at *3 (rejecting an argument that "attorneys are generally not willing to accept representation of claimants in federal court at an hourly rate of anything less than $185.18").

Multiplying the 30.73 hours reasonably expended by counsel by the $175 rate results in $5,377.75. The Court finds that plaintiff is entitled to recover this amount in attorney's fees under the EAJA.

This Court has found that "a reasonable rate for the paralegal services performed is $75 per hour." *Miller v. Commissioner*, No.1:16-cv-120, 2017 WL 2903371, at *4 (W.D. Mich. July 7, 2017). Plaintiff's request for paralegal fess at a rate of $80 per hour exceeds a reasonable rate. Multiplying the 5.25 hours reasonably

expended by paralegals by the requested rate of $75 per hour rate results in a $393.75 total. The lodestar grand total is $5,771.50. I find that plaintiff is entitled to recover this amount in fees under the EAJA.

### 4. Judgment

The EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93; *see also Kerr ex rel. Kerr v. Commissioner*, 874 F.3d 926, 935 (2017) ("It is clear after *Ratliff* that attorney fees ordered under EAJA are to be paid to the prevailing party."). "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). "Plaintiff's contractual obligations to h[er] attorney are not part of this case." *Flamboe*, 2013 WL 1914546, at *3.

Further, the assignment attached to plaintiff's motion (ECF No. 20-9, PageID.743) predates any judgment awarding EAJA attorney's fees. The Anti-Assignment Act applies, and it "provides that 'a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim ... may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.'" *Kerr ex rel. Kerr*, 874 F.3d at 934 (quoting 31 U.S.C. § 3727(a)(1), (b)). "[A]lthough [a plaintiff has] the right to

assign her EAJA fee award to her lawyer, the award itself [is] payable to [the plaintiff] and the Commissioner ha[s] discretion either to honor or not to honor the assignment." *Id.*

## **ORDER**

For the reasons set forth herein, plaintiff's motion for attorney's fees under the EAJA (ECF No. 20) is **GRANTED in part** and **DENIED in part**. A judgment will enter in the plaintiff's favor in the amount of $5,771.50.

**IT IS SO ORDERED**.

Dated:   February 26, 2019  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge